# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 9159 | **DATE** | 7/14/2003 |
| **CASE TITLE** | Jones vs. City of Country Club Hills, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant Welch's motion to dismiss [14-1] is granted in part and denied in part. Counts I, II and III are dismissed against Welch where plaintiffs seek to hold Welch liable as local liquor commissioner and in his official capacity. Counts IV, V, and VI are dismissed in their entirety against Welch. Welch is directed to file an answer to plaintiff's amended complaint within 20 days of the date of this order. Furthermore, defendants' motion to stay the instant lawsuit during pendency of the state court proceeding [20-1] is denied. Court hearing date of 7/15/03 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 15 2003 | 25 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | U.S. DISTRICT COURT | AR | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 JUL 14 PM 2:23 | 7/14/2003 | |
| | | | date mailed notice | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JERRY JONES and LaDONNA JONES,  )
                                 )
    Plaintiffs,                   )
                                 )
    v.                            )   No. 02 C 9159
                                 )   Judge Joan H. Lefkow
THE CITY OF COUNTRY CLUB HILLS,   )
an Illinois Municipal Corporation,)
THE LIQUOR COMMISSION OF THE CITY )
OF COUNTY CLUB HILLS and          )
DWIGHT WELCH, Individually,       )
                                 )
    Defendants.                   )
                                 )



## MEMORANDUM OPINION AND ORDER

In a six-count amended complaint, plaintiffs Jerry and LaDonna Jones (individually, "Jerry" and "LaDonna") allege defendants, the City of Country Club Hills (the "City"), the Liquor Commission of the City of Country Club Hills (the "Liquor Commission") and Dwight Welch ("Welch"), are liable for violations of their equal protection and due process rights under 42 U.S.C. § 1983 (Counts I-III)[1] and for malicious prosecution and intentional infliction of emotional distress under state law (Counts V-VI). Moreover, plaintiffs allege Welch is liable for

---

[1] Plaintiffs allege defendants violated their equal protection rights under Count I, their "property right in their liquor license" pursuant to 42 U.S.C. § 1983 under Count II and the "*Monell* doctrine" based on institution of hearings and criminal charges against them under Count III. (Am. Compl. at 5-10.) To state a claim under § 1983, plaintiffs must show that defendants (1) violated their constitutionally protected rights (2) according to a municipal policy or custom, or an action taken by a final policymaker (what plaintiffs refer to as the "*Monell* doctrine"). *See Bennett v. Roberts*, 295 F.3d 687, 694-95, 699 (7th Cir. 2002). Read separately, each Count is deficient because plaintiffs fail to plead one of the requisite elements for a cause of action under § 1983. Read together, however, plaintiffs adequately plead that defendants are liable for violations of their equal protection and due process rights under § 1983. As such, the court liberally construes plaintiffs' amended complaint and allows these claims to stand.

"willful and wanton conduct" under state law (Count IV). Before the court is Welch's motion to dismiss plaintiffs' amended complaint against him under Federal Rule of Civil Procedure 12(b)(6) and defendants' motion to stay this lawsuit pending the outcome of a state proceeding. This court has jurisdiction under 28 U.S.C. §§ 1331, 1343 and 1367. For the reasons set forth below, the court grants in part and denies in part Welch's motion to dismiss and denies defendants' motion to stay.

## FACTS

The allegations from plaintiffs' amended complaint, taken as true, are as follows: In January 2001, plaintiffs purchased Jerry's Sports Bar (the "bar"), located in Country Club Hills, Illinois. During the next four months, they made improvements to the bar and received a liquor license to sell liquor at the bar. In April 2001, they opened the establishment as a bar and restaurant. In September 2001, Welch, as the City's Liquor Commissioner (and, as Mayor, see 235 ILCS 5/4-2 (stating mayors shall be the local liquor commissioner for their respective municipalities)), initiated a secret investigation of plaintiffs' bar. Welch initiated this investigation for the purported reason that defendants suspected plaintiffs' bar was a house of prostitution. This reason, however, was a pretext for retaliation based on an unspecified incident involving Welch's wife's drinking at the bar. Eventually, this investigation resulted in the suspension of plaintiffs' liquor license for one week without a hearing and Jerry's arrest for keeping a house of prostitution and solicitation. According to plaintiffs, the Liquor Commission has not suspended any "Caucasian licensees" without a hearing.

In response to Jerry's arrest and the suspension of plaintiffs' liquor license, Welch notified the press and defamed plaintiffs, destroying their reputation in their respective

2

communities. Welch also told an alderman that the City would close plaintiffs' bar. The alderman conveyed this information to members of the public and other liquor licensees. Moreover, in December 2001 or January 2002, agents of the City contacted plaintiffs' landlord. The agents indicated that plaintiffs were in trouble and would be unable to pay their bills in the near future.

Immediately following the suspension, defendants issued plaintiffs a notice that they would hold a hearing to determine whether to revoke plaintiffs' liquor license. In November 2001, defendants held the hearing. At the hearing, a police officer was the only individual who testified as an eyewitness for the "prosecution." The officer testified that, he believed, plaintiffs were unaware of any prostitution or solicitation, including his solicitation of a female patron.

According to plaintiffs, Welch had no intention of having a fair hearing and was biased in favor of the prosecution. During the hearing, plaintiffs requested to subpoena female patrons to testify but Welch refused this request. Furthermore, during a recess, Welch referred to plaintiffs' female patrons as "prostitutes." Moreover, Welch impeded plaintiffs' counsel's questioning of a witness and precluded testimony when the prosecution had no objection to such testimony.

In their closing brief for the hearing, plaintiffs noted that the criminal charges against Jerry had been dismissed. Welch, however, ordered the reinstatement of these charges. Although Welch knew that these charges were baseless, he did this to skew the case in favor of revocation of plaintiffs' liquor license. Nonetheless, when the State's Attorney's Office familiarized itself with the history of the dispute and read the transcript of the hearing for the revocation of plaintiffs' liquor license, it dismissed the charges again.

On December 19, 2001, the Liquor Commission revoked plaintiffs' liquor license.

3

Plaintiffs contend there was no evidence in the record to support that decision. On April 1, 2002, the Illinois State Liquor Commission affirmed the revocation. Plaintiffs sought review of the administrative proceedings in the Circuit Court of Cook County, where that court reversed the Illinois Liquor Control Commission's decision and reinstated plaintiffs' liquor license on October 19, 2002. Defendants now represent that the Liquor Commission and Welch appealed the Circuit Court's decision to the Illinois Appellate Court. At this time, none of the parties represents that the Illinois Appellate Court has ruled on the merits of this appeal.

## DISCUSSION

### A. Welch's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal is appropriate only if it appears beyond a doubt that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Sanville v. McCaughtry*, 266 F.3d 724, 732 (7th Cir. 2001). In ruling on a motion to dismiss, the court accepts as true all well-pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in the plaintiffs' favor. *Dixon v. Page*, 291 F.3d 485, 486 (7th Cir. 2002); *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999).

Welch argues that he is entitled to absolute immunity based on plaintiffs' allegations in their federal and state claims. With respect to plaintiffs' federal claims,[2] Welch cites the well-

---

[2] As an additional matter, the court recognizes that plaintiffs initially allege that they sue Welch "individually," from which the court infers that plaintiffs sue Welch in his individual capacity under § 1983. They, however, apparently seek to hold Welch liable in his official capacity based on their allegations that defendants

4

established rule from *Reed v. Vill. of Shorewood*, 704 F.3d 943, 951-52 (7th Cir. 1983), that a local liquor commissioner is entitled to absolute immunity for actions undertaken in the exercise of his judicial responsibilities as liquor commissioner. Plaintiffs respond that Welch is not subject to absolute immunity based on his actions "prior to, during and after the hearing process" such as where he informed an alderman and the press that he would close plaintiffs' bar; that he initially closed the bar without a hearing; that he referred to "dancers" as prostitutes and refused to subpoena the dancers; that his agents contacted plaintiffs' landlord and stated that plaintiffs would be unable to make their monthly payments; and that he reinstated the criminal charges against Jerry. (Pl. Resp. at 3-4.)

Because plaintiffs also seek to hold Welch liable for his actions undertaken as mayor, he is not entitled to absolute immunity from plaintiffs' federal claims. *See Reed*, 704 F.2d at 951-52 (allowing only for partial summary judgment based on absolute immunity for the defendant as liquor commissioner because the plaintiffs pleaded facts that went beyond the defendant's actions a local liquor commissioner and president of the board of trustees to his "nonjudicial, nonlegislative conduct as mayor").[3] Rather, Welch's absolute immunity is limited only insofar as plaintiffs seek to hold Welch liable for the revocation of their liquor license or otherwise plead facts that show Welch took action in the exercise of his judicial responsibilities as Liquor

---

violated the "*Monell* doctrine" under Count III. A suit against a public official in his "official capacity" is a suit against the entity of which that official is an agent. *Richman v. Sheahan*, 270 F.3d 430, 439 (7th Cir. 2001). Thus, to the extent that plaintiffs sue Welch in his official capacity and the Liquor Commission or the City, the court dismisses the official capacity claims against Welch.

[3]Defendants argue that the State's Attorney is solely responsible for pursuing criminal charges, citing *People v. Woolsey*, 139 Ill. 2d 157, 169, 564 N.E.2d 764, 769 (1990), and *People v. Griffin*, 58 Ill. App. 3d 644, 645-46, 374 N.E.2d 1031, 1033 (1st Dist. 1978). Both cases concern how the State's Attorney's conduct, such as when she enters a *nolle prosequi*, affects a criminal defendants' speedy trial rights. Clearly, these cases are not on point.

5

Commissioner such as his conduct during the hearing. Thus, the court will grant in part and deny in part defendants' motion to dismiss with respect to Counts I, II and III.

With respect to plaintiffs' state law claims, these claims fall under the Local Government and Governmental Employees Tort Immunity Act (the "Tort Immunity Act"), 745 ILCS 10/2-101 *et seq.* The Tort Immunity Act states that "a public employee is not liable for acts or omissions occurring within the scope of his employment . . . and the public entity is not liable when its employee is not liable." *Moran* v. *City of Chicago*, 286 Ill. App. 3d 746, 751, 676 N.E.2d 1316, 1320 (1st Dist. 1997), citing 745 ILCS 10/2-109, 10/2-204. An exception exists, however, where the public employer or entity engages in willful and wanton conduct. 745 ILCS 10/2-202; *Moran*, 286 Ill. App. 3d at 755, 676 N.E.2d at 1323.

Plaintiffs argue that their allegations demonstrate that Welch falls under an exception in the Tort Immunity Act, relying on *Idlehour Dev. Co.* v. *City of St. Charles*, 88 Ill. App. 3d 47, 409 N.E.2d 544 (2d Dist. 1980). In *Idlehour*, the court determined that the plaintiff properly stated a claim for intentional inference with a contractual relationship against a public official under the Tort Immunity Act. The court held that a public official may not hide behind a cloak of immunity if he maliciously and intentionally misuses the powers of his office.

As defendants point out, the Illinois Supreme Court overruled the *Idlehour* case in *Village of Bloomingdale* v. *CDG Enter., Inc.*, 196 Ill. 2d 484, 493-94, 498-99, 752 N.E.2d 1090, 1097-98, 1101 (2001). There, the court held that the Tort Immunity Act does not recognize exceptions to immunity for conduct inspired by "corrupt or malicious motives."

Clearly, Welch is entitled to immunity under the Tort Immunity Act. Plaintiffs allege that the initial investigation that led to the suspension and, ultimately, the revocation of plaintiffs'

6

liquor license as well as Jerry's criminal charges was based on Welch's retaliation because his wife drank at plaintiffs' bar. Thus, plaintiffs seek to hold Welch liable for conduct inspired by corrupt or malicious motives. As indicated above, such conduct does not create an exception to the Tort Immunity Act. For these reasons, the court finds that Welch is entitled to immunity as to plaintiffs' state law claims and thus it will dismiss Counts IV, V and VI.[4]

### B. Defendants' motion to stay this lawsuit

The court next proceeds to address defendants' motion to stay this lawsuit pending the outcome of their appeal in the state proceeding. Defendants argue that if the Illinois Appellate Court reverses the Circuit Court's decision, that disposition would render plaintiffs' instant lawsuit moot.[5] Plaintiffs respond that this lawsuit, save their malicious prosecution claim, does not concern the "correctness" of the administrative proceedings but rather defendants' abuse of power in secretly investigating and prosecuting plaintiffs without any evidence. (Pl. Resp. at 2.) Plaintiffs also attach defendants' reply brief before the Illinois Appellate Court and assert that this brief demonstrates that the state action is not dispositive or "germane" to the instant lawsuit. (Pl. Resp. at 2-3.)

"[F]ederal courts have a strict duty to exercise jurisdiction conferred upon them by Congress." *International Coll. of Surgeons v. City of Chicago*, 153 F.3d 356, 359 (7th Cir. 1998).

---

[4] The parties also dispute whether Welch's actions amount to willful and wanton conduct under the Tort Immunity Act. Because the court determines that Welch is immune under the Tort Immunity Act, it does not address this dispute.

[5] On a related issue, Welch asserts (in a footnote) in his reply brief that "[a]rguably" the *Rooker-Feldman* doctrine bars plaintiffs from bring their federal claims based on their failure to include these claims in the state proceeding, citing *Manley v. City of Chicago*, 236 F.3d 392, 397 (7th Cir. 2001). The *Rooker-Feldman* doctrine "precludes federal district courts from reviewing completed state adjudications, even for federal constitutional infirmities." *Francorp, Inc. v. Siebert*, 210 F. Supp. 2d 961, 970 (N.D. Ill. 2001). Because the parties represent that the state proceeding is not yet completed, the *Rooker-Feldman* doctrine does not pertain here.

Nonetheless, there are limited exceptions where a federal court will abstain from adjudicating a case before it because there is a state proceeding. To determine whether to stay a lawsuit based on the state proceeding, a federal court considers the following abstention doctrines: (1) the *Colorado River* doctrine where the federal court abstains to avoid duplicative litigation, *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818-19 (1976); (2) the *Younger* doctrine where the state proceeding is judicial in nature and implicates an important state interest and there is an adequate opportunity in the state proceeding to raise constitutional challenges, *Younger v. Harris*, 401 U.S. 37, 53 (1971), *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); (3) the *Burford* doctrine where there are unsettled questions of state law because there exists a complex state administrative process and the need for centralized decision-making, *Burford v. Sun Oil Co.*, 319 U.S. 315, 333 (1943); and (4) the *Pullman* doctrine, where a federal constitutional issue may be mooted or presented in a different posture based on a state court determination of pertinent state law, *Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496, 499-501 (1941).

Defendants cite no legal authority for their motion to stay this lawsuit and thus they provide no legal analysis under any of the abstention doctrines. *Accord, 330 W. Hubbard Rest. Corp. v. United States*, 203 F.3d 990, 997 (7th Cir. 2000) ("A party's failure to address or develop a claim in its opening brief constitutes a waiver of that claim, for it is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel. . . . In order to develop a legal argument effectively, the facts at issue must be bolstered by relevant legal authority; a perfunctory and undeveloped assertion is inadequate to raise a separate basis for appeal.") (internal citations and quotations omitted).

Although the court may, sua sponte, abstain in an appropriate case,[6] it finds no reason to do so in this case. Thus, the court will deny defendants' motion to stay this lawsuit.

## ORDER

Wherefore, for the reasons set forth above, the court grants in part and denies in part Welch's motion to dismiss [#14]. The court dismisses Counts I, II and III in part against Welch where plaintiffs seek to hold Welch liable as local liquor commissioner and in his official capacity. The court dismisses Counts IV, V and VI in their entirety against Welch. Welch is directed to file an answer to plaintiffs' amended complaint within twenty (20) days of the date of this order. Furthermore, the court denies defendants' motion to stay the instant lawsuit during the pendency of the state proceeding [#20].

ENTER: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: July 14, 2003

---

[6] *See International Coll. of Surgeons*, 153 F.3d at 360 and 360 n.4 ("It is well established that this court may raise the doctrines of *Burford* and *Pullman* abstention sua sponte and that the failure of the parties to raise those doctrines at any point in the proceedings is no impediment to our consideration of the applicability of those doctrines" but noting that a party may waive the abstention argument under *Younger*).